Peter L. Carr, IV (SBN 256104)
pcarr@thePLClawgroup.com
Na'Shaun L. Neal (SBN 284280)
nneal@thePLClawgroup.com
Lauren K. McRae (SBN 331296)
lmcrae@thePLClawgroup.com
**PLC LAW GROUP, APC**
3756 Santa Rosalia Dr., Suite 326
Los Angeles, CA 90008
Telephone:  (310) 400-5890
Facsimile: (323) 400-5895
Attorneys for Plaintiff Scott Martain

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott Martain,<br><br><br>          Plaintiff,<br><br>vs.<br><br>United States of America,<br><br><br>          Defendant. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br>1. False Arrest<br>2. Assault & Battery<br>3. Negligence<br>4. Intentional Infliction of Emotion Distress<br><br><br>**DEMAND FOR JURY TRIAL** |

## Introduction

1.     This case challenges the abuse of discretion and excessive force that deprived the Plaintiff, SCOTT MARTAIN, of his federal and state rights.  On or about September 20, 2018 at approximately 10:00 pm, several unknown Veterans Affairs police officers assaulted and arrested Scott Martain without probable cause, warning

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

or reasonable suspicion that he committed or was suspected to be committing a crime at the Veterans Affairs Hospital in Los Angeles, California.

## JURISDICTION AND VENUE

2.     This Court has original jurisdiction under 28 U.S.C. §§ 1331, 1343 (a)(4)  and 1346(b)(1) because Plaintiff asserts claims arising under the laws of the United States based upon the tortious conduct of federal law enforcement officers.

3.     The venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (e).  This court is proper because Defendants reside in this district and the unlawful actions challenged occurred in this district.

## CLAIMS STATUTE REQUIREMENT

4.     On or about May 11, 2020, Plaintiff filed a timely Governmental Claims for Damages with the Department of Veterans Affairs.  On or about May 26, 2020, said Claims for Damages was received by the Department of Veterans Affairs.  As of the filing of this complaint, Plaintiff has not received a denial of the Claims for Damages.  Accordingly, Plaintiff's complaint is timely pursuant to 28 U.S.C. §§ 2401 et seq.

## PARTIES

5.     At all relevant times herein, Plaintiff SCOTT MARTAIN (hereinafter referred to as "Mr. Martain") was a resident of Los Angeles County and citizen of the State of California.

6.     At all relevant times herein, the Department of Veterans Affairs ("VA") and all of its members, agents and employees, including VA law enforcement officers ("VA Police") were duly authorized employees and agents of Defendant UNITED STATES OF AMERICA.

## FACTS COMMON TO ALL COUNTS

7.     Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-14 as though set forth in full herein.

8.     Mr. Martain is 43-year-old veteran.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

9.      On September 20, 2018 at approximately 10:00 p.m., Mr. Martain suffered a stroke, requiring him to seek medical care at the VA Hospital, located at 11301 Wilshire Blvd., Los Angeles, California 90073.

10.     Upon arriving at the hospital, Mr. Martain requested assistance from VA police, since the stroke restricted his mobility in the right side of his body.

11.     A VA Police Officer brought over a wheelchair and left it roughly six feet away from Mr. Martain, forcing Mr. Martain to hop on his functioning left leg into the wheelchair.

12.     The VA Police Officer started pushing the wheelchair and Mr. Martain started screaming out that his foot was trapped and dragging on the ground. The officer did not attempt to help Mr. Martain and instead continued pushing him into the hospital.

13.     Several VA Police Officers then took Mr. Martain to a VA Police holding area inside the hospital, instead of to medical professionals to treat him for his stroke.

14.     VA Police Officers threw Mr. Martain off the wheelchair, handcuffed him, and then forcibly picked him up and placed him back in the chair.

15.     Later, VA Police Officers attempted to intimidate Mr. Martain from reporting their misconduct.

16.     As a result of this incident, Mr. Martain sustained physical injuries, as well as mental pain, anxiety, torment, degradation and extreme emotional distress.

17.     At no time during the course of these events did Mr. Martain pose any reasonable threat of violence to the VA Police Officers or anyone else, nor did he do anything to justify the use of excessive, unreasonable, unlawful and unnecessary force against him by VA Police Officers.

18.     On information and belief, VA Police Officers had no information that Mr. Martain had committed any crime.

///

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

# FIRST CAUSE OF ACTION

## False Arrest

## (Against Defendant United States of America)

19.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

20.     This cause of action arises under 28 U.S.C.S. § 1346(b), 28 U.S.C.S. § 2674 and 28 U.S.C.S. § 2680(h), wherein Plaintiff Mr. Martain seeks to redress deprivation of his right to be free from false arrest as guaranteed to Mr. Martain under California common law.

21.     VA Police Officers caused Mr. Martain to be detained and arrested in violation of his right to be free from false arrest as guaranteed to Mr. Martain under California common law when:

      a.  VA Police Officers took Mr. Martain to a VA Police holding area inside the hospital, instead of to medical professionals to treat him for his stroke, without a warrant, reasonable suspicion or probable cause;

      b.  VA Police Officers handcuffed Mr. Martain, without a warrant, reasonable suspicion or probable cause; and

      c.  VA Police Officers forcibly confined Mr. Martain to a wheelchair, without a warrant, reasonable suspicion or probable cause.

22.     As a result of the conduct of the VA Police Officers, in their official capacities, Mr. Martain sustained serious physical injury and mental pain, anxiety, torment, degradation and extreme emotional distress.

23.     Defendant United States of America is liable for damages caused by the VA Police Officers' false arrest of Mr. Martain under the law enforcement provision to the Federal Tort Claims Act (28 U.S.C.S. § 1346(b); 28 U.S.C.S. § 2680(h)).

///

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SECOND CAUSE OF ACTION

### Assault & Battery

### (Against Defendant United States of America)

24.    Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

25.    This cause of action arises under 28 U.S.C.S. § 1346(b), 28 U.S.C.S. § 2674 and 28 U.S.C.S. § 2680(h), wherein Plaintiff Mr. Martain seeks to redress deprivation of his right to be free from assault and battery as guaranteed to Mr. Martain under California common law.

26.    VA Police Officers caused Mr. Martain to be assaulted and battered in violation of his rights under California common law when:

      a.  A VA Police Officer continuously pushed Mr. Martain in a wheelchair, despite being aware that Mr. Martain's foot was trapped and dragging on the ground; and

      b.  VA Police Officers threw Mr. Martain off the wheelchair, handcuffed him, and then forcibly picked him up and placed him back in the chair.

27.    Both prior to and during the time the VA Police Officers used force against Mr. Martain, Mr. Martain posed no reasonable threat of violence or danger to the officers or to any other individual, as he was unarmed and disabled.  Furthermore, Mr. Martain made no aggressive movement or physical actions that would have suggested to any reasonable officer that Mr. Martain had the will or ability to inflict substantial bodily harm against any individual.  Additionally, VA Police Officers acted without probable cause or reasonable suspicion that Mr. Martain had or was committing a crime.

28.    As a result of the conduct of the VA Police, in their official capacities, Mr. Martain sustained serious physical injury and mental pain, anxiety, torment, degradation and extreme emotional distress.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

29.    Defendant United States of America is liable for damages caused by the VA Police Officers' assault and battery on Mr. Martain under the law enforcement provision to the Federal Tort Claims Act (28 U.S.C.S. § 1346(b); 28 U.S.C.S. § 2680(h)).

## THIRD CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against Defendant United States of America)

30.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

31.    This cause of action arises under 28 U.S.C.S. § 1346(b), 28 U.S.C.S. § 2674 and 28 U.S.C.S. § 2680(h), wherein Plaintiff Mr. Martain seeks to redress deprivation of his right to be free from intentional infliction of emotional distress as guaranteed to Mr. Martain under California common law.

32.    VA Police Officers intentionally inflicted Mr. Martain's emotional distress in violation of his rights under California common law when:

   a. A VA Police Officer brought over a wheelchair and left it roughly six feet away from Mr. Martain, forcing Mr. Martain to hop on his functioning left leg into the wheelchair;

   b.  A VA Police Officer continuously pushed Mr. Martain in a wheelchair, despite being aware that Mr. Martain's foot was trapped and dragging on the ground;

   c. VA Police Officers threw Mr. Martain off a wheelchair;

   d. VA Police Officers took Mr. Martain to a VA Police holding area inside the hospital, instead of to medical professionals to treat him for his stroke, without a warrant, reasonable suspicion or probable cause;

   e. VA Police Officers handcuffed Mr. Martain, without a warrant, reasonable suspicion or probable cause;

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

f.  VA Police Officers forcibly confined Mr. Martain to a wheelchair, without a warrant, reasonable suspicion or probable cause; and

g.  VA Police Officers attempted to intimidate Mr. Martain from reporting their misconduct.

33.    The aforementioned conduct of VA Police Officers was extreme and outrageous and done so to cause Mr. Martain emotional distress or done with reckless disregard to the probability that Mr. Martain would suffer severe emotional distress.

34.    As an actual and proximate result of the conduct of the VA Police, in their official capacities, Mr. Martain has suffered and continues to suffer from severe emotional distress.

35.    Defendant United States of America is liable for damages caused by the VA Police Officers' intentional infliction of Mr. Martain's emotional distress under the law enforcement provision to the Federal Tort Claims Act (28 U.S.C.S. § 1346(b); 28 U.S.C.S. § 2680(h)).

## FOURTH CAUSE OF ACTION

### Negligence

### (Against Defendant United States of America)

36.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

37.    This cause of action arises under 28 U.S.C.S. § 1346(b) and 28 U.S.C.S. § 2674 wherein Plaintiff Mr. Martain seeks to redress deprivation of right to be free from negligent actions and inactions, as guaranteed to Mr. Martain under California common law.

38.    VA Police Officers failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to:

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

a.  Leaving a wheelchair roughly six feet away from Mr. Martain, forcing Mr. Martain to hop on his functioning left leg into the wheelchair;

b.   Continuously pushing Mr. Martain in a wheelchair, despite being aware that Mr. Martain's foot was trapped and dragging on the ground;

c.  Throwing Mr. Martain off a wheelchair;

d.  Taking Mr. Martain to a VA Police holding area inside the hospital, instead of to medical professionals to treat him for his stroke, without a warrant, reasonable suspicion or probable cause;

e.  Handcuffing Mr. Martain, without a warrant, reasonable suspicion or probable cause;

f.  Forcibly confining Mr. Martain to a wheelchair, without a warrant, reasonable suspicion or probable cause; and

g.  Attempting to intimidate Mr. Martain from reporting their misconduct.

39.     The aforementioned conduct of VA Police Officers was extreme and outrageous.

40.     As a result of the conduct of the VA Police, in their official capacities, Mr. Martain sustained serious physical injury and mental pain, anxiety, torment, degradation and extreme emotional distress.

41.     Defendant United States of America is liable for damages caused by the VA Police Officers' negligent acts and omissions under the Federal Tort Claims Act (28 U.S.C.S. § 1346(b); 28 U.S.C.S. § 2674).

///

///

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests relief as hereinafter provided.

1.      For an award of general and special damages in an amount to be proven at trial;

2.      For reasonable costs of this suit incurred herein; and

3.      For such further other relief as the Court may deem just, proper and appropriate.

Dated: June 9, 2021                              **PLC LAW GROUP, APC**

                                                  _____/s/ Lauren K. McRae_____
                                                  Peter L. Carr, IV
                                                  Na'Shaun L. Neal
                                                  Lauren K. McRae
                                                  Attorneys for Plaintiff Scott Martain

# DEMAND FOR JURY

Plaintiff requests a jury trial on triable issues.

Dated: June 9, 2021                              **PLC LAW GROUP, APC**

                                                  _____/s/ Lauren K. McRae_____
                                                  Peter L. Carr, IV
                                                  Na'Shaun L. Neal
                                                  Lauren K. McRae
                                                  Attorneys for Plaintiff Scott Martain

**PLAINTIFF'S COMPLAINT FOR DAMAGES**